IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STRAGENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-293 |
| | § | |
| NOKIA, INC., NOKIA CORPORATION, | § | |
| MOTOROLA, INC., PALM, INC., | § | |
| RESEARCH IN MOTION, LTD., | § | JURY TRIAL DEMANDED |
| RESEARCH IN MOTION | § | |
| CORPORATION, SONY ERICSSON | § | |
| MOBILE COMMUNICATIONS AB, | § | |
| SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS (USA) INC., | § | |
| AMERICA ONLINE, INC., AOL LLC, | § | |
| AT&T MOBILITY LLC, GOOGLE, | § | |
| INC., MICROSOFT CORPORATION | § | |
| AND YAHOO!, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Stragent, LLC ("Stragent")

complains against Nokia, Inc. and Nokia Corporation (collectively "Nokia"), Motorola, Inc.

("Motorola"), Palm, Inc. ("Palm"), Research in Motion, Ltd. and Research in Motion

Corporation (collectively "RIM"), Sony Ericsson Mobile Communications AB and Sony

Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson"), America Online,

Inc. and AOL LLC (collectively "AOL"),  AT&T Mobility LLC ("AT&T"), Google, Inc.,

("Google"), Microsoft Corporation ("Microsoft"), and Yahoo!, Inc. ("Yahoo") (collectively

"Defendants") as follows:

**PARTIES**

1.      Plaintiff Stragent, LLC is a Texas limited liability company with its principal place of business at 211 West Tyler Street Suite C-2, Longview, TX  75601.

2.      On information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6000 Connection Drive, Irving, Texas 75039. Nokia, Inc. may be served with process by serving its registered agent National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, Texas 77062.

3.      On information and belief, Defendant Nokia Corporation is a foreign corporation organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 4, FIN-00045 Espoo, Finland.  Pursuant to the Federal Rules of Civil Procedure, service upon Defendant Nokia Corporation is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention"). In accordance with Articles 3 and 5 of the Hague Convention, Defendant Nokia Corporation can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of Finland, whose address is Ministry of Justice, P.O. Box 25, FIN-00023 Government, Finland. Pursuant to Article 5(a) of the Hague Convention, Defendant Nokia Corporation can be served by the Central Authority for Finland in the method prescribed by the internal laws of Finland for the service of document in domestic actions upon persons who are within its territory.

4.      On information and belief, Defendant Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Schaumburg, Illinois. Motorola may be served with process by

serving its registered agent CT Corp. System at 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

5.      On information and belief, Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, California 94085. Defendant Palm may be served with process by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, P.O. Box 526036, Sacramento, California 95852.

6.      On information and belief, Defendant Research In Motion Ltd. is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, ON N2L 3W8, Canada.  Defendant Research In Motion Ltd. may be served by International Registered Mail.

7.      On information and belief, Defendant Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Ste. 430, Irving, Texas 75039. Defendant Research in Motion Corporation may be served with process by serving its registered agent, CT Corporation System at 350 North St. Paul St., Dallas, Texas 75201.

8.      On information and belief, Defendant Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden, with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88.  Pursuant to the Federal Rules of Civil Procedure, service upon Defendant Sony Ericsson Mobile Communications AB is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention").  In accordance with Articles 3 and 5 of the Hague Convention, Defendant

Sony Ericsson Mobile Communications AB can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of Sweden, whose address is Utrikes Departmentet, Juridiska Byran, Box 16121, S-103 23 Stockholm 16, Sweden.  Pursuant to Article 5(a) of the Hague Convention, Defendant Sony Ericsson Mobile Communications AB can be served by the Central Authority for Sweden in the method prescribed by the internal laws of Sweden for the service of document in domestic actions upon persons who are within its territory.

9.      On information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709. Defendant Sony Ericsson Mobile Communications (USA) Inc. may be served with process by serving its registered agent, National Registered Agents Inc. at 120 Penmarc Drive, Suite 118, Raleigh, North Carolina 27603.

10.      Upon information and belief, Defendant America Online, Inc. is a Delaware corporation with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. America Online, Inc. may be served with process through its Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

11.      Upon information and belief, Defendant AOL LLC is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. AOL LLC may be served with process through its Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

12.      Upon information and belief, Defendant AT&T Mobility LLC is a Delaware corporation with its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia

30342. AT&T may be served with process through its Registered Agent, Corporation Service

Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.  AT&T, through its attorneys,

has agreed to accept service of Aloft's First Amended Complaint.

13.     Upon information and belief, Defendant Google, Inc. is a Delaware corporation

with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California

94043. Google may be served with process through its Registered Agent, Lawyers Incorporating

Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

14.     Upon information and belief, Defendant Microsoft is a Washington corporation

with its principal place of business at One Microsoft Way, Redmond, Washington. Microsoft

may be served with process through its Registered Agent, Corporation Service Company located

at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

15.     Upon information and belief, Defendant Yahoo is a Delaware corporation with its

principal place of business at 701 First Avenue, Sunnyvale, California 94089. Yahoo may be

served with process through its Registered Agent, CT Corporation Systems, 350 North St. Paul

Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the

United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

17.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On

information and belief, each Defendant has transacted business in this district and has committed

and/or induced and/or contributed to acts of patent infringement in this district.

18.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

19.     Stragent is the owner by assignment of United States Patent No. 6,665,722 ("the '722 patent") entitled "Store-and-forward packet radio system and method." The '722 patent issued on December 16, 2003. A true and correct copy of the '722 patent is attached as Exhibit A.

20.     On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nokia's infringements include, among other things, making, using, offering for sale, and/or selling communication devices, including without limitation the Nokia model N95.  Nokia is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Motorola has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Motorola's infringements include, among other things, making, using, offering for sale, and/or selling communication devices, including without limitation the Motorola model MOTOQ with

Microsoft Windows Mobile version 6.  Motorola is thus liable for infringement of the '722

patent pursuant to 35 U.S.C. § 271.

        22.    On information and belief, Palm has been and now is directly infringing, and/or

inducing infringement by others, and/or contributing to the infringement by others of the '722

patent in the State of Texas, in this judicial district, and elsewhere in the United States. Palm's

infringements include, among other things, making, using, offering for sale, and/or selling

communication devices, including without limitation the Palm Treo model numbers 700, 700w,

750, 755p, and 680.  Palm is thus liable for infringement of the '722 patent pursuant to 35 U.S.C.

§ 271.

        23.    On information and belief, RIM has been and now is directly infringing, and/or

inducing infringement by others, and/or contributing to the infringement by others of the '722

patent in the State of Texas, in this judicial district, and elsewhere in the United States. RIM's

infringements include, among other things, making, using, offering for sale, and/or selling

communication devices, including without limitation the Blackberry model 8820 and 8320.  RIM

is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

        24.    On information and belief, Sony Ericsson has been and now is directly infringing,

and/or inducing infringement by others, and/or contributing to the infringement by others of the

'722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.

Sony Ericsson's infringements include, among other things, making, using, offering for sale,

and/or selling communication devices, including without limitation models P1i, P990i, and

w960i. Sony Ericsson is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. §

271.

25.     On information and belief, AOL has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  AOL's infringements include, among other things, making, using, offering for sale, and/or selling communication systems, including without limitation the AIM messaging system.  AOL is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, AT&T has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. AT&T's infringements include, among other things, making, using, offering for sale, and/or selling communication devices, including without limitation the AT&T Tilt model with Microsoft Windows Mobile version 6.  AT&T is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

27.     On information and belief, Google has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Google's infringements include, among other things, making, using, offering for sale, and/or selling communication systems, including without limitation the Google Talk messaging system. Google is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

28.     On information and belief, Microsoft has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Microsoft's infringements include, among other things, making, using, offering for sale, and/or

selling communication systems, including without limitation Windows Mobile version 6. Microsoft is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Yahoo has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Yahoo's infringements include, among other things, making, using, offering for sale, and/or selling communication systems, including without limitation the Messenger messaging system.  Yahoo is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such marking requirements have been complied with.

31.     As a result of Defendants' infringement of the '722 patent, Stragent has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

32.     Upon information and belief, Defendants' infringements are willful, at least if Defendants continue to infringe the '722 patent after receiving notice of this lawsuit.

33.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, at least if Defendants continue to infringe the '722 patent after receiving notice of this lawsuit, and Stragent is thus entitled to an award of its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Stragent requests that this Court enter:

A.      A judgment in favor of Stragent that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others, infringed the '722 patent, and that such infringement was willful;

9

B.      A judgment and order requiring Defendants to pay Stragent its damages, costs,

expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '722

patent as provided under 35 U.S.C. § 284;

C.      A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Stragent its reasonable attorneys' fees; and

D.      Any and all other relief to which the Court may deem Stragent entitled.

## DEMAND FOR JURY TRIAL

Stragent, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com

Scott E. Stevens
State Bar No. 00792024
Kyle J. Nelson
State Bar No. 24056031
STEVNS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com
kjn@seslawfirm.com

*Attorneys for Stragent, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 3rd day of September, 2008.

_____
Eric M. Albritton